## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

TONY HARDY,                   )

                    )

         Plaintiff,        )

                    )

     v.                 )        No. 4:12CV1 HEA

                    )

CORRECTIONAL MEDICAL   )

SERVICES, et al.,         )

                    )

         Defendants.    )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Tony Hardy (registration no. 154479), an inmate at Eastern Reception Diagnostic and Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.98. See 28 U.S.C. § 1915(b)(1). Additionally, the Court will order plaintiff to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint.  A review of plaintiff's account indicates an average monthly deposit of $9.92, and an average monthly balance of $0.15.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.98, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  An action is frivolous if it "lacks an arguable basis in either law or

-2-

fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).  An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. <u>Spencer v. Rhodes</u>, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), <u>aff'd</u> 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment.  Named as defendants are Correctional Medical Services ("CMS"); Angela Chandler, CMS Medical Administrator; Rosalee Shackleford, CMS Assistant Director of Nursing; Jennifer James, CMS Nurse; Unknown Long, CMS Dentist; and Unknown Bessey, Oral Surgeon.

Plaintiff alleges that on April 15, 2010, he was assaulted by another inmate. Plaintiff says that the following day he was X-rayed and medical staff found that both his right and left jaw were fractured.  Plaintiff claims that further X-rays showed that his left jaw was fractured in one place and his right jaw was fractured in two places. Plaintiff asserts that the oral surgeon, presumably defendant Bessey, immediately performed surgery and inserted two plates and eight screws into his right and left

jaws.  Immediately after surgery, says plaintiff, he was returned to administrative segregation.

Plaintiff maintains that on April 20, 2010, he was taken to see the oral surgeon for a follow-up appointment.  Plaintiff says he complained about numbness in his jaw and the oral surgeon told him "that a nerve had been broken and it could take from (6) six months to a year to heal."

Plaintiff claims that the oral surgeon removed his stitches on May 4, 2010. Plaintiff states he saw the oral surgeon again on May 26, 2010, and explained that he still had numbness in his chin and gums as well as continuous pain in his right jaw.

Plaintiff alleges he was seen by the oral surgeon on June 15, 2010, and he claims that the oral surgeon told him that if the pain continued it may be necessary to remove the plates and screws in plaintiff's right jaw because of possible nerve involvement.

Plaintiff says he was taken back to the oral surgeon on January 10, 2011, for a follow up and tooth extraction.

Plaintiff asserts that between January 10, 2011, and July 13, 2011, he submitted nine medical service requests that were "ignored by the ERDCC unit dentist." Plaintiff says he was in continuous pain during that time period.

Plaintiff claims he was seen by defendant Long on July 13, 2011, and plaintiff says he told Long about the pain and numbness in his jaw. Plaintiff states that Long ordered an X-ray but did nothing else.

Plaintiff maintains that he was seen again by Long on October 5, 2011. Plaintiff asserts that he told Long about the pain and numbness and Long told him that if anything was to be done about it plaintiff would have to be taken back to the oral surgeon. Plaintiff alleges that he still has not been referred to the oral surgeon.

Plaintiff avers that defendants James and Shackleford have ignored his medical service requests. Plaintiff claims that he is still in pain and his needs are not being addressed.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either

a State nor its officials acting in their official capacity are 'persons' under § 1983."
Id.  As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for,
the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th
Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not
cognizable under § 1983 where plaintiff fails to allege that defendant was personally
involved in or directly responsible for the incidents that injured plaintiff); Boyd v.
Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in
§ 1983 suits).  In the instant action, plaintiff has not set forth any facts indicating that
defendants Chandler or Bessey were directly involved in or personally responsible
for the alleged violations of his constitutional rights.  As a result, the complaint fails
to state a claim upon which relief can be granted as to these defendants.

To state a claim for unconstitutional medical mistreatment, plaintiff must plead
facts sufficient to indicate deliberate indifference to serious medical needs. Estelle
v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th
Cir. 1995).  Allegations of mere negligence in giving or failing to supply medical
treatment will not suffice. Estelle, 429 U.S. at 106.  To show deliberate indifference,
plaintiff must allege that he suffered objectively serious medical needs and that
defendants actually knew of but disregarded those needs. Dulany v. Carnahan, 132

-6-

F.3d 1234, 1239 (8th Cir. 1997). To state a claim against defendant CMS, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993). Plaintiff has not alleged that defendant Bessey disregarded his medical needs. Nor has plaintiff alleged that CMS had a policy that caused a violation of his constitutional rights. As a result, the complaint fails to state a claim against CMS and Bessey.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint rather than dismiss this case at this time. In the amended complaint, plaintiff must specifically allege how each particular named defendant violated his constitutional rights. Failure to do so may result in the dismissal of some or all of the defendants in this action. Plaintiff should also address the other defects listed above. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.98 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that failure to comply with this Order will result in the dismissal of this case without further notice.

Dated this 13th day of March, 2012.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

-8-