UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TONY HARDY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:12CV1 HEA |
|  | ) |  |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Dr. R. Eric Bessey's motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiff brought this action under 42 U.S.C. § 1983 for alleged deprivation of adequate medical care. Bessey moves to dismiss on the basis that he is not a state actor, and therefore, is not liable under § 1983. The motion will be granted.

### **Standard**

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

**Discussion**

In his amended complaint, plaintiff alleged his jaw was fractured as a result of an assault by another inmate. Plaintiff claimed that he was taken to the Jefferson City Oral and Maxillofacial Surgery Clinic, where Dr. Bessey diagnosed his fractured jaw and performed surgery on it, which included inserting screws and plates into both sides of plaintiff's jaw. Prison doctors sent plaintiff to see Bessey for several follow-ups, and plaintiff alleges that Bessey provided treatment to him on those occasions. Plaintiff claims that the prison doctors have refused to send him to see Bessey for a follow-up MRI, which plaintiff believes is necessary because he continues to be in pain. Plaintiff does not allege that Bessey is a state actor.

Dr. Bessey argues that he is not liable under § 1983 because he is not a state employee and because neither he nor his office contracts with the state to provide medical care to prisoners. Bessey states he is a private physician who occasionally treats prisoners who are referred to his office for care.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); 42 U.S.C.A. § 1983. A private physician may be liable under § 1983 when he or she acts under color of state law. See Crumpley–Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir.2004). Although there are many tests to determine whether a physician in private practice acts under color of state law, the ultimate issue is whether the private physician's actions are "fairly attributable to the state." See Rendell–Baker v. Kohn, 457 U.S. 830, 838 (1982) (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)); Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 295 n.2, 295–96 (2001) (noting that the under-color-of-law requirement of 42 U.S.C. § 1983 and the state-action requirement of the Fourteenth Amendment are equivalent and listing the multitude of tests used to determine whether a private party is a state actor).

When determining whether a private physician may be held liable under § 1983 as a state actor, courts should consider the "degree to which the work of the private medical provider is controlled or influenced by the state," the nature of "the contractual relationship between the state and the medical care provider," and the degree to which the private entity replaces the State's provision of medical care to

prisoners, as opposed to simply assisting the State. See Rodriguez v. Plymouth Ambulance Svc., 577 F.3d 816, 825-29 (7th Cir. 2009).

In this case, there are no allegations that Dr. Bessey was a state actor when he performed services for plaintiff. Plaintiff did not allege that Bessey had a contract with the state, and plaintiff recognized in his amended complaint that Bessey was an "outside" physician. Nor are there any allegations that Bessey's decisions were controlled or influenced by the state. Therefore, the allegations show that Bessey was simply assisting the state by providing services to plaintiff in the same manner Bessey would have provided services to a non-prisoner. As a result, plaintiff has failed to state a prima facie case under § 1983 against Bessey.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Bessey's motion to dismiss [Doc. 23] is **GRANTED**.

An Order of Partial Dismissal will be filed with this Opinion, Memorandum and Order.

Dated this 23rd day of October, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE