UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TONY HARDY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:12CV1 HEA |
| ) | |
| CMS, et al., ) | |
| ) | |
| Defendants. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Long, Van Troba (James), Shackelford, and Chandler's Motion for Summary Judgment, [Doc. No. 37], Plaintiff's Motions for Summary Judgment, [Doc. No.'s 40 and 48]. Plaintiff has failed to Respond to Defendants' Motion. For the reasons set forth below, Defendant's Motion is granted. Plaintiff's Motions are denied.

Facts and Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights had been violated by Defendants during Plaintiff's incarceration in the Missouri Department of Correction at the Eastern Reception and Diagnostic Center.

According to Plaintiff, he submitted nine medical service requests to Defendant Van Troba to be seen by dental, but she did not stamp each medical

service request with a date received, did not schedule Plaintiff for sick call within three working days, and ignored each of his medical service requests.

Plaintiff further claims that he spoke with Defendant Shackelford about the alleged problems, but nothing was done. Plaintiff claims Defendant Shackelford was responsible for overseeing Defendant Van Troba, and to ensure she was date stamping all submitted medical service requests and have sick call on a regular basis.

Plaintiff claims Defendant Long was deliberately indifferent to his urgent medical needs because she neglected to refer Plaintiff back to see Dr. Bessey for continued numbness and pain in his right jaw or do anything to address his pain and numbness.

With respect to Defendant Chandler, Plaintiff alleges that she was well aware of all of his problems but failed to do anything to remedy the problems. He further claims Defendant Chandler failed to follow Correctional Medical Services' (CMS) policy and procedure. Plaintiff alleges Defendant Chandler should have referred him back to Dr. Bessey or another oral surgeon so he can receive an MRI or CT scan to find out if a screw or screws are against the nerves in Plaintiff's right jaw.

## Discussion

## **Standard of Review**

The standard for summary judgment is well settled. In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); "Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Myers v. Lutsen Mtns. Corp.*, 587 F.3d 891, 893 (8th Cir.2009). If a nonmoving party has failed to establish the existence of an element of that party's claim, summary judgment is appropriate. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)" *Cole v. Homier Distributing Co., Inc.,* 2010 WL 1171741, 6 (8th Cir. 2010). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex,* 477 U.S. at 322; *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in his pleadings but by affidavit or other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P.

56(e); *Anderson* 477 U.S. at 256; *Littrell*, 459 F.3d at 921. "The party opposing summary judgment may not rest on the allegations in its pleadings; it must 'set forth specific facts showing that there is a genuine issue for trial.'" *United of Omaha Life Ins. Co. v. Honea,* 458 F.3d 788, 791 (8th Cir.2006) (quoting Fed.R.Civ.P. 56(e)); "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)." *Hitt v. Harsco Corp.,* 356 F.3d 920, 923 (8th Cir. 2004). An issue of fact is genuine when "a reasonable jury could return a verdict for the nonmoving party" on the question. *Anderson,* 477 U.S. at 248; *Woods,* 409 F.3d at 990. To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.' *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)(quotation omitted)." *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003). A plaintiff may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in the plaintiff's favor. *Wilson v. Int'l Bus. Mach. Corp.,* 62 F.3d 237, 241 (8th Cir.1995); *Smith v. International Paper Co.*, 523 F.3d 845, 848 (8th Cir. 2008).

"The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung* 422 F.3d 630, 638 (8th Cir. 2005); *Smith*, 523 F.3d at 848.

Summary Judgment will be granted when, viewing the evidence in the light most favorable to the nonmoving party and giving the nonmoving party the benefit of all reasonable inferences, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Samuels v. Kansas City Mo. Sch. Dist.,* 437 F.3d 797, 801 (8th Cir. 2006). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 526-7(8th Cir. 2007). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008). While the moving party bears "the initial burden of informing the district court of the basis for its motion, and identifying those portions of the pleadings," the discovery, disclosure materials and affidavits "which it believes demonstrate the absence of a genuine issue of material fact," *Celotex,* 477 U.S. at 323 it is incumbent on the party with the burden of proof at trial to present

sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23. Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)). *Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

**Plaintiff's Motions for Summary Judgment**

Pursuant to Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

Plaintiff's Motion fails to cite specific references to those parts of the record upon which he relies. Plaintiff has not made any sufficient references to the record so as to allow Defendant to challenge the allegations alleged against them.

Moreover, in accordance with Rule 56(c)(4), affidavits may be submitted in support of a motion for summary judgment. However, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal

sufficient evidence to establish the elements essential to its claims. See Celotex, 477 U.S. at 322-23. Thus, Plaintiff, even though the non-moving party for summary-judgment purposes, "must still 'present[ ] evidence sufficiently supporting the disputed material facts [such] that a reasonable jury could return a verdict in [its] favor.' " *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1003-04 (8th Cir.2005) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir.1992)). *Glorvigen v. Cirrus Design Corp.,* 581 F.3d 737, 742 -743 (8th Cir. 2009).

**Plaintiff's Motions for Summary Judgment**

Pursuant to Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

Plaintiff's Motion fails to cite specific references to those parts of the record upon which he relies. Plaintiff has not made any sufficient references to the record so as to allow Defendant to challenge the allegations alleged against them.

Moreover, in accordance with Rule 56(c)(4), affidavits may be submitted in support of a motion for summary judgment. However, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal

knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters asserted."

As Defendants correctly argue, Plaintiff has submitted the affidavit of Christopher Cross for the purpose of showing the indifference CMS and Defendant Chandler have toward another inmate and also to show the conduct of CMS and Defendant Chandler. The affidavit, however does not substantiate the facts alleged by Plaintiff in his Amended Complaint, nor does it serve to establish the claims in Plaintiff's Motion for Summary Judgment. The affidavit, therefore, does not satisfy the requirements of Rule 56(c)(4).

Likewise, Plaintiff's Motion fails to satisfy the Court's Local Rules:

unless otherwise directed by the Court, the moving party shall file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies.

Local Rule 7-4.01(A).

Further Local Rule 7 – 4.01(E) provides that, with respect to motions for summary judgment, the memorandum in support shall "have attached a statement of uncontroverted material facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations." Plaintiff has not filed a memorandum in support of his

Motion for Summary Judgment, and has not attached a statement of uncontroverted material facts. Plaintiff's Motions utterly fail to provide Defendants and the Court with any evidence to establish he is entitled to judgment as a matter of law. Plaintiff's Motions for Summary Judgment will be denied.

**Defendants' Motion for Summary Judgment**

Pursuant to the Court's Local Rule 7-4.01(E),

> Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.

Because Plaintiff did not file an opposition to the Motion for Summary Judgment, the following facts are deemed admitted for the purposes of Defendants' Motion for Summary Judgment.

Plaintiff has only filed two separate Grievances while incarcerated at ERDCC. One is ERDCC 11-648, which related to being referred to an oral surgeon to have his plates and screws in his jaw removed. The other Grievance, ERDCC 12-1323, had nothing to do with the allegations in this lawsuit.

In order for an offender to complete the administrative remedies available,

there must be an Informal Resolution Request (IRR), Informal Resolution Request Response, Grievance, Grievance Response, Grievance Appeal and Grievance Appeal Response. Further, Plaintiff failed to file his Grievance ERDCC 11-648 within 7 calendar days of his IRR response, which means that this particular grievance of Plaintiff's was considered abandoned.

Plaintiff failed to file his Grievance Appeal for ERDCC 11-648 within 7 calendar days of his Grievance Response and also failed to sign his Grievance Response, which is all considered an abandonment of this Grievance. Plaintiff never filed an IRR, Grievance, or Grievance Appeal with regard to the specific allegations mentioned in Plaintiff's Complaint with regards to the conduct of Defendants Chandler, Shackleford, or Van Troba, as alleged in Plaintiff's Complaint.

Plaintiff has failed to meet his burden that he has exhausted all of his available administrative remedies before filing suit against these Defendants.

Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections

Offender Grievance Procedures must be completed prior to a prisoner filing suit. See *Johnson v. Jones*, 340 F.3d 624, 628 (8th Cir.2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies prior to filing suit). When multiple prison conditions claims have can be joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir.2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. *Woodford v. Ngo*, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Id*.

Here, Plaintiff did not complete the administrative process as detailed above. He has failed to exhaust his administrative remedies, and as such, Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Long, Van Troba (James), Shackelford, and Chandler's Motion for Summary Judgment, [Doc. No. 37], is

**granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions for Summary Judgment, [Doc. No.'s 40 and 48], are **denied**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 13th day of January, 2014.

_____
    HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE